IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JALEN L. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN ELECTRIC COMPANY et al.,<br><br>Defendant. | CASE NO. 1:26-cv-2233<br><br>DISTRICT JUDGE J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE JAMES E. GRIMES JR.<br><br>**CASE MANAGEMENT SCHEDULING ORDER** |

**Case Management Conference**

This case has been set for a Case Management Conference (Conference) on November 16, 2026, at 11:00 a.m., before United States Magistrate Judge James E. Grimes Jr., in Courtroom 11A, 801 West Superior Avenue, Cleveland, Ohio 44113. If all parties agree and file a joint motion at least seven calendar days before the Conference, the Conference will be held by Zoom. In the event that the court holds a hearing by video, the parties should remember that whether a hearing is held in-person or by remote means, the hearing is a judicial proceeding. Counsel should thus dress and comport themselves accordingly.

Unrepresented parties and lead counsel must attend and are expected to be prepared to discuss all claims and defenses in detail. Represented parties are welcome to attend, but their attendance is not required. The Case Management Plan will be tailored to the case based on the information supplied at the Conference.

Unrepresented parties should review the Court's handbook for pro se litigants. *See* https://www.ohnd.uscourts.gov/sites/ohnd/files/ProSeGuide.pdf. The Court cannot provide legal advice or suggestions about how to handle any party's case. In addition to reviewing the Court's handbook for pro se litigants, unrepresented litigants are encouraged to review the Pro Se Information posted on this Court's public website. https://www.ohnd.uscourts.gov/pro-se-information.

Use of Artificial Intelligence (AI) when researching and drafting documents may result in "fake" or hallucinated" cases and law, and generate material that is not based on the actual facts of this case. Litigants, including pro se parties, who rely on AI-generated material must verify the accuracy of the factual information, cases, and case citations that it generates. The Court may sanction any party who submits a filing containing fake cases or citations or who otherwise violates this directive or Federal Rule of Civil Procedure 11. Sanctions may include: striking the offending document; imposing fines and fees; holding a party in contempt of court; dismissing a plaintiff's lawsuit; and striking a defense.

**Electronic filing**

Electronic filing using the Case Management/Electronic Case Files (CM/ECF) system is mandatory for attorneys in the Northern District of Ohio. Counsel are advised that all documents, notices and orders in this matter must be filed electronically, except as provided for in the User's Manual, a copy of which is available on the Court's electronic filing web site at https://www.ohnd.uscourts.gov/electronic-filing. The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

Electronically filed documents must be in a text-searchable PDF format. When citing unreported cases, parties should use Westlaw citations whenever possible. Citations to all documents filed on ECF must include the ECF document number and ECF page number. For example, citation to an exhibit accompanying a declaration would appear as "Doc. No. 123-4 at 10," rather than "Smith Decl. Ex. 4 at 10."

Notice of filings are sent electronically. Counsel of record is responsible for setting up a user e-mail account to receive e-mail notifications and to check that e-mail account on a regular basis.

**Communication with chambers**

Parties should consult the electronic docket for case-related questions, including those related to deadlines and conference dates. Telephone calls and emails to Chambers are permitted only for urgent matters requiring immediate attention—such as when an emergency on the day of a conference prevents counsel from appearing at the conference[1]—or when otherwise expressly permitted in this order or by the Court. Do not email or call chambers

[1] When counsel calls in this circumstance, counsel should explain that an electronically filed application will follow.

to discuss substantive legal issues about a case. Do not request a continuance by email or telephone. Faxes are not permitted.

**Applicable rules**

This case is governed by the Local Rules of the U.S. District Court for the Northern District of Ohio and the Federal Rules of Civil Procedure. All counsel and unrepresented parties are expected to familiarize themselves with the Local and Federal Rules.

**Consent to jurisdiction of the Magistrate Judge**

The parties have not consented to the jurisdiction of the Magistrate Judge.

**Track assignment**

This case is subject to the provisions of Differentiated Case Management as set forth in the Local Rules. The Court will evaluate this case in accordance with L.R. 16.2 and assign it to a case management track. Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and timelines governing discovery, motion practice, and trial. Under L.R. 16.3(a), the Court reserves determination of track assignment until the CMC.

**Preparation for the CMC**

The agenda for the CMC is set by L.R. 16.3(b)(2). Under L.R. 16.3(b)(3) and Fed. R. Civ. P. 26(f), counsel for all parties are jointly responsible for participating in a *Planning Meeting* at least 21 days prior to the CMC in an effort to agree in good faith upon the items listed in the agenda, including a track assignment and discovery schedule.

A Report of the *Planning Meeting* must be signed by counsel for all parties and filed with the Court not less than 5 business days before the CMC. It must be in a format substantially similar to Attachment 1 to this Order.

Prior to the CMC, Plaintiff(s) must make a demand upon Defendant(s) with a written description and monetary breakdown of the damages claimed. Defendant(s) must respond to this demand in writing, explaining the bases for Defendant(s)' position. The parties do not need to share those correspondences with the Court, but must confirm in the *Planning Report* that this written exchange occurred.

**Disclosures/Discovery**

*1. Fed. R. Civ. P. 26(a) disclosures*

The disclosures mandated by Fed. R. Civ. P. 26(a) will apply in this case unless the Court orders otherwise. The Court's strong preference is that the parties exchange initial disclosures before the Rule 26(f) conference. The parties are required to exchange initial disclosures at least 5 days before the CMC.

*2. Formal discovery stayed until CMC*

With the exception of Initial Disclosures under Rule 26(a) and any discovery required to support or defend a challenge to jurisdiction or claim for emergency, temporary, or preliminary relief, the parties may not begin discovery before the CMC.

*3. Filing discovery materials*

Unless otherwise ordered by the Court, disclosures under Rule 26 and other discovery materials should not be filed with the Court except when submitted in support of a motion or for use at trial. Where deposition excerpts have been attached in support of or opposition to a motion, the entire deposition transcript must be filed separately in text-searchable format.

The Judges of the Northern District of Ohio have adopted L.R. 30.1, which governs the taking of depositions. Counsel are expected to comply with the rule in its entirety.

**Motions and other filings**

Unless otherwise directed by the Court, motion practice will be governed by L.R. 7.1 and all other Local Rules and Federal Rules of Civil Procedure. Any motion for relief must indicate whether counsel for all other parties oppose the motion.

Requests to continue a court conference or court proceeding must be filed on the docket at least four business days in advance of the proceeding to be continued, and must include at least three proposed alternative dates, on which all counsel are available, for the continued proceeding.

**Attorney fees itemization**

In all cases in which a party anticipates seeking attorney fees, that party must serve and file a preliminary estimate and itemization of the expected fees and expenses on opposing counsel prior to the *Planning Meeting*. The itemization must include, but is not limited to, the following:

| <u>**Attorney fees**</u> | | <u>**Costs**</u> | |
|---|---|---|---|
| Preliminary Investigation and Filing Complaint | $________ | Depositions | $________ |
| Procedural Motions Practice | $________ | Experts | $________ |
| Discovery | $________ | Witness Fees | $________ |
| Dispositive Motions Practice | $________ | Other | $________ |
| Settlement Negotiations | $________ | | |
| Trial | $________ | | |
| **TOTAL FEES** | $________ | **TOTAL COSTS** | $________ |

**Change of address**

Both counsel and pro se litigants have an affirmative duty to notify the Court of any change of address or other contact information. Counsel must follow the instructions for updating contact information via the procedures set forth on this Court's public website. *See* Attorney Registration Change of Name/Address instructions set forth at www.ohnd.uscourts.gov. Pro se litigants must file a written notice of change of address with the Court.

**Resolution before Conference**

If this case is resolved before the Conference, the parties must submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in process, by contacting the Court's Courtroom Deputy Clerk at 216-357-7140.

Dated: October 6, 2026

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**Attachment 1**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ____________, <br><br> Plaintiff, <br><br> vs. <br><br> ____________, <br><br> Defendant. | CASE NO. __________ <br><br> DISTRICT JUDGE_____ <br><br> MAGISTRATE JUDGE <br> JAMES E. GRIMES JR. <br><br> **REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND LR 16.3(b)(3)** |

*1.* Under Fed. R. Civ. P. 26(f) and Local Rule 16.3(b), a meeting was held on ____________________________ and was attended by:

____________________ for Plaintiff(s) ________________

____________________ for Plaintiff(s) ________________

____________________ for Defendant(s) ______________

____________________ for Defendant(s) ______________.

*2.* *Initial Disclosures*

The parties:

☐ have exchanged Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1);

☐ will exchange Initial Disclosures by ______________, which is at least 5 days before the CMC;

☐ are not required to make Initial Disclosures because ____________.

*3. Track Recommendation*

The parties recommend the following track:

☐ Expedited ☐ Standard ☐ Complex

☐ Administrative ☐ Mass Tort

*4. Alternative Dispute Resolution*

This case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

Early neutral evaluation ☐ Mediation ☐

Arbitration ☐ Summary bench trial ☐

Summary jury trial ☐

Case not suitable for ADR at this time ☐

*5. Consent*

The parties do ☐ / do not ☐ consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

*6. Recommended discovery plan*:

Describe the subjects on which discovery is to be sought and the nature and extent of discovery, including any limitation on the number of interrogatories, the number and/or length of depositions, and/or the number of requests for admission:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

State the parties' agreement regarding the timing and method for complying with Fed. R. Civ. P. 26(b)(5) and whether the parties will ask the Court to include their agreement in an order under Federal Rule of Evidence 502 (*see* Fed. R. Civ. P. 26(f)(3)(D)) ____________________________________________

________________________________________________________________

________________________________________________________________

Date to amend pleadings and/or add additional parties____________________

Fact discovery cut-off date__________________________

Does the party with the burden of proof plan to use an expert? _____________

If so, on what topic will the expert opine? __________________________

Expert report due date for party with burden of proof______________

Rebuttal expert report due date________________________

Expert discovery cut-off date_______________________

Dispositive motion date_____________________

Date for a status conference______________________

*7. Recommended electronic discovery plan.*

The parties:

☐ agree there will be no discovery of electronically-stored information (ESI);

☐ have agreed to a method for conducting discovery of ESI; or

☐ have agreed to follow the default standard for discovery of ESI (Appendix K to the Local Civil Rules for the Northern District of Ohio).

*8. Protective order*

The parties:

☐ will file a proposed stipulated protective order governing the designation and disclosure of confidential materials in a form substantially

similar to Appendix L to the Local Rules for the Northern District of Ohio on the docket by _______________;

☐ will not file a proposed stipulated protective order at this time.

*9. Demand and offer exchange*

The parties have ☐ / have not ☐ exchanged a demand and offer.

*10. Other matters for the Court's attention*:______________________________

____________________________________________________________________________

____________________________________________________________________________