IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JALEN L. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN ELECTRIC COMPANY, et al.<br><br>Defendants. | CASE NO. 1:26-cv-2233<br><br>DISTRICT JUDGE J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE JAMES E. GRIMES JR.<br><br>**CASE MANAGEMENT CONFERENCE PLAN** |

The Court held a virtual Case Management Conference on November 18, 2026. The Court encourages the parties and counsel to continue to discuss the possibility of settlement while the case is progressing. If a settlement is reached, the parties must timely submit a stipulation of settlement and dismissal or notify the Court that such a stipulation is in progress by contacting the Court's Courtroom Deputy Clerk at 216-357-7140.

To bring this case to a prompt conclusion, counsel are instructed to confer with each other frequently and to work together in a professional manner. The Court expects counsel to respond to each other's telephone or email message within 48 hours, except in unique circumstances.

**Case management dates and track assignment**

Unless the Court orders otherwise, the parties will adhere to the following dates and deadlines:

Track assignment: STANDARD

Cut-off date to add parties or amend pleadings: December 18, 2026[1]

> *Note:* Even though this deadline has been set, a party is still required to file a motion for leave to amend and attach the proposed amended pleading. Any opposition to the proposed

[1] The Court also ordered Defendants to amend their answer, Doc. 5, no later than November 25, 2026, to address concerns identified by the Court during the conference related to Federal Rule of Civil Procedure 8(b).

amended pleading must be filed within 7 calendar days of the date the motion was filed. No reply is permitted unless ordered by the Court.

| | |
|---|---|
| Cut-off date for fact discovery: | April 19, 2027 |

The parties agree to follow the default standard for discovery of electronically stored information (Appendix K to N.D. Ohio Local Rules).

Because the parties do not anticipate the use of causation experts at this time, the Court has not set expert deadlines prior to dispositive motions. If the parties determine that expert discovery will be necessary as to causation, then they must file a motion to amend this case schedule no later than seven days before the close of fact discovery.

| | |
|---|---|
| Dispositive motion deadline: | May 21, 2027 |
| oppositions to motions due: | 30 days later |
| replies due: | 14 days later |
| Expert discovery regarding damages (if necessary): | |
| Initial expert report(s) due: | 30 days after ruling on dispositive motions |
| Rebuttal expert report(s) due: | 30 days later |
| Expert discovery cutoff: | 30 days after deadline for rebuttal expert report(s) |
| Status conference: | February 4, 2027 at 2:00 p.m. |
| Final pretrial conference: | TBA |
| Jury trial: | TBA |

In addition to the above dates and deadlines, parties are required to adhere to all dates and deadlines set forth in the Federal and Local Civil Rules.

Requests to continue a court conference or court proceeding, including a telephonic court conference, or to extend a deadline must be made by letter-motion, after consultation with all affected parties, and must state: (1) the original date of the conference, proceeding, or deadline; (2) the number of previous requests for continuance or extension; (3) whether these previous requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent; and (6) if not, the reasons given for refusing. If the requested continuance or extension affects any other scheduled dates, a proposed Revised Case Management Plan must be attached.

Absent unforeseeable emergencies, all requests for a continuance of a court conference or other court proceeding, including a telephonic court conference, must be made at least 4 business days in advance of the proceeding to be continued, and must include at least 3 proposed alternative dates, on which all counsel are available, for the continued proceeding.

**Magistrate Judge**

The parties do not consent to the jurisdiction of United States Magistrate Judge James E. Grimes Jr. under 28 U.S.C. Sec. 636(c).

**Discovery**

*1. Initial disclosures*

The parties exchanged initial disclosures.

*2. Discovery disputes*

No motion to compel, motion for protective order, or motion for sanctions is permitted unless the parties have undertaken in good faith to resolve their discovery dispute and, if unable to do so, have been instructed by the Court to file a motion. Local Rule 37.1(b) will apply.

A. Requirement to meet and confer. Before presenting a discovery dispute to the Court, the moving party (including a non-party seeking relief) must first confer in good faith with any adverse party to resolve the dispute. An exchange of letters or emails alone does not satisfy this requirement. Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph.

B. Notifying the Court of the dispute. If, after complying with the meet-and-confer requirement, counsel are unable to resolve a dispute, the party raising the dispute must file via ECF a notice *briefly* stating the nature of the dispute. The notice must contain a certification that the required in-

person or telephonic conference took place between counsel for the relevant parties and, in particular, must state: (1) the date and time of such conference; (2) the approximate duration of the conference; (3) the names of the attorneys who participated in the conference; (4) the opposing party's position as to each issue being raised (as stated by the opposing party during the in-person or telephone conference); and (5) that the moving party informed the opposing party during the conference that the moving party believed the parties to be at an impasse and that the moving party would be contacting the Court under this paragraph. Simply attaching copies of correspondence between counsel does not satisfy these requirements.

If the dispute involves discovery requests and responses, the party raising the dispute must attach a copy of the disputed requests and responses.

After reviewing the moving party's notice, the Court will schedule a telephonic conference with all counsel as soon as possible. The Court may also direct the opposing party to file a response.

C. Briefing. If a telephone conference with the Court does not resolve the dispute, the Court will direct the parties to submit their respective positions, by letter brief filed using ECF. The moving party's letter brief may not exceed five pages in length, exclusive of attachments, and must clearly set forth the issues in dispute and the relief sought. Unless the Court has ordered or approved otherwise, any response to a letter brief must be filed within three business days of the initial letter brief, and any reply must be filed within one business day of the response. Letter briefs in response and replies may not exceed five pages in length, exclusive of attachments. The parties may agree to a different schedule, but they must request the Court's approval of their alternate schedule, either during the telephonic conference with the Court, in the initial letter brief, or as soon as agreement is reached. The Court must approve the alternate schedule, otherwise, the parties must adhere to the schedule as enumerated in this order.

D. Depositions. If a dispute arises during a deposition, counsel must attempt in good faith to resolve the dispute. If the parties are unable to resolve a dispute during a deposition, counsel may contact chambers by phone or email about the dispute and seek the Court's aid in resolving it.

*3. Protective orders regarding confidential materials*

The parties will file a proposed stipulated protective order consistent with Appendix L to the Local Rules for the Northern District of Ohio by November 25, 2026.

The parties agree that if a party discovers that it has inadvertently produced privileged or protected material, it shall promptly notify the receiving party. The receiving party shall sequester, return, or destroy the information and any copies pending resolution of the privilege claim.

The Court incorporates by reference in this Order the parties' agreement under Rule 26(b)(5)(A) and Federal Rule of Evidence 502(d) concerning the effect of inadvertent disclosures of privileged material. *See* Doc. 10, at 4.

*4. Filing documents under seal*

There is a strong presumption in favor of openness as to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). A party wanting to seal a document or information filed with the court bears the burden of showing a compelling reason to justify the non-disclosure of that material. *Id.*

No protective order or other sealing order is blanket authority to file documents or information under seal. If a party seeks to file any document or information under seal, that party must seek leave of Court to do so. Absent the filing of a motion to seal and the Court's approval, documents may not be filed under seal. *See also* L.R. 5.2.

Even if Court approval is obtained, only relevant portions of documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal just because it mentions a sealed document. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into at some point during the deposition.

When a document is filed under seal, attorneys must also file a redacted version of that document, as appropriate.

If a case with sealed documents comes to trial or hearing, the courtroom will not be sealed. The trial or hearing and any ruling by the Court will be public. Unless otherwise ordered, any and all documents and information which may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation.

**Motions**

Parties must comply with Local Rule 7.1(f) as to page limits. Parties who wish to exceed page limits must file a motion requesting leave to do so at least five days prior to the filing date. The Court will not extend the page limits except for extraordinary circumstances.

Records used to support or oppose any motion (e.g., deposition transcripts) shall be excerpted and submitted as exhibits to the pleading. Parties shall submit that portion relevant to the issue in question and the 2 pages immediately before and after the excerpted pages to establish context. Deposition transcripts must be submitted in text-searchable PDF format.

When filing such exhibits, the filer need not select any category for the attachment but must indicate a "description" for each (e.g., "John Doe Deposition;" or "Jane Doe Affidavit") at the appropriate electronic filing screen. Any record submitted in support of or in opposition to a motion that does not already contain identifying page numbers must have numbers applied to each page for ease of identification.

Parties must consult the Electronic Filing Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

All motions must be supported by reference to appropriate legal authority. Sur-replies are not permitted absent advance leave of Court.

**Status conferences and pre-trials**

A Zoom status conference is scheduled for **February 4, 2027, at 2:00 p.m.** The purpose of the conference is to discuss the status of the case. Lead counsel must participate unless counsel has been excused. The parties should remember that regardless of whether a hearing is held in-person or by remote means, the hearing is a judicial proceeding. Parties and counsel should thus dress and comport themselves accordingly.

The Court will schedule additional status conferences and/or pre-trials as necessary.

Dated: November 18, 2026

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge